**Amos ROBERTSON, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Sec. of Health, Education & Welfare, Appellee.**

No. 78–1846.

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1979.

Decided July 16, 1979.

Deborah Garton Gibson, Bluefield, W. Va. (Hensley, Muth & Gibson, Bluefield, W. Va., on brief), for appellant.

Rebecca A. Betts, Asst. U. S. Atty., Charleston, W. Va. (Robert B. King, U. S. Atty., Charleston, W. Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Amos Robertson [claimant] appeals from a final order of the district court affirming a decision of the Secretary of Health, Education and Welfare that he was not entitled to "black lung" benefits sought pursuant to the regulations enacted under Part B of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* [the Act]. Claimant alleges that the Secretary's denial of benefits is not supported by substantial evidence. We disagree and affirm. 42 U.S.C. § 405(g). *See Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966).

I.

Claimant raises two assignments of error. First, he contends that the medical evidence of record establishes the existence of pneu-moconiosis and other chronic lung disease, specifically emphysema, before the jurisdictional cutoff date of June 30, 1973. *See Talley v. Mathews,* 550 F.2d 911 (4th Cir. 1977). Second, he contends that the Secretary should have analyzed the claim under the so-called "15-year presumption," since his employment records showed 15 years— or at least "many years"—[1] of coal mine employment.

Claimant is now 63 years old. He has an eighth grade education. His coal mine employment commenced in January, 1937, and continued off and on for various employers until 1960 when he stopped working as a miner to become a school custodian. Claimant filed for black lung benefits in August, 1972. He began taking medication for a respiratory ailment in 1973. In 1974, he worked for five months driving a garbage truck.

In support of his application for benefits, claimant submitted medical reports of two X-rays. The first X-ray was taken on January 23, 1973, and was read as negative for pneumoconiosis by three physicians. One of those physicians noted evidence of emphysema. The second X-ray was taken on July 13, 1976, and was read by a physician as showing simple pneumoconiosis, 1/1p, and emphysema. This same physician also re-read the first X-ray as "unreadable for pneumoconiosis" but showing evidence of emphysema. His report was submitted to the Appeals Council as a supplement to the record. The film of the second X-ray was not submitted.

A single pulmonary function study was conducted in April, 1973, and showed values well in excess of the statutory maximum values required to establish a presumption of total respiratory disability. 20 C.F.R. § 410.490(b)(1)(ii). *See Hubbard v. Califano,* 582 F.2d 319, 321–22 (4th Cir. 1978). The physician performing the study found that claimant's total lung capacity was "essentially normal" and that the study scores were "compatible with minimal relatively reversible airway obstructive disease." (Tr. 113)

1. 20 C.F.R. § 410.414(b)(4).

Claimant submitted evidence of two physical examinations conducted in 1973. The examining physicians found no serious respiratory ailment and no significant disability. On the first report, the following handwritten notation appears under the physician's signature line: "chronic lung disease, pneumoconiosis, anthrasilicosis." (Tr. 107) This notation was not written by the reporting physician and the identity of its author is not known. On the second report, the physician concluded: "mild restrictive lung disease pending results of chest X-ray." (Tr. 110) Apparently no follow-up X-ray was taken and this examining physician never revised his conclusion.

Supplementing the medical evidence, the claimant, his wife and a co-worker testified before the administrative law judge [ALJ] on July 31, 1975. This testimony showed that claimant was unable to perform strenuous chores at home or to walk up inclines or stairs without losing his breath. He had difficulty sleeping and experienced morning and night coughing. Claimant testified that he has taken medication for his respiratory impairment since 1973, but he submitted no evidence of medical or hospital treatments.

## II.

The ALJ first found that claimant had at least 10 years of coal mine employment. He then evaluated the testimony and the medical evidence (excluding the second X-ray report) and concluded that the evidence did not show that claimant was disabled within the meaning of the Act by "pneumoconiosis (actual or presumed)." (Tr. 19) The ALJ did not make reference to the physician's finding of emphysema on the first X-ray report. The Appeals Council affirmed, finding that the evidence as supplemented by the second X-ray report did not establish the existence of pneumoconiosis or other disabling respiratory impairment.

We think the decision of the Secretary must be affirmed because the evidence does not show a totally disabling respiratory impairment.

Entitlement of black lung benefits under the Act is conditioned on the proof of three basic elements:

1. That claimant is or was a miner; and

2. That claimant is totally disabled due to pneumoconiosis; and

3. That his pneumoconiosis arose out of his coal mine employment.

*Petry v. Califano,* 577 F.2d 860, 861 (4th Cir. 1978) (statutory citations omitted). A number of presumptions have been created by regulation to facilitate a miner's ability to carry the burden of proof on each of these three elements.

Here, claimant's case was not specifically evaluated under the 15-year presumption of 20 C.F.R. § 410.414(b). This presumption of entitlement to benefits is available where a claimant has 15 years of coal mine employment and the evidence (excluding X-ray, biopsy and autopsy) shows the existence of a totally disabling chronic respiratory impairment. Claimant alleges at least 15 years of coal mine employment or, in any event, "many years," see note 1 *infra,* requiring consideration under the presumption.

The ALJ analyzed the claim under § 410.-414(c), weighing the medical and testimonial evidence to determine whether a totally disabling respiratory impairment had been established. He found that it had not and concluded his inquiry. Because of this finding, which we think is supported by substantial evidence, any consideration of claimant's case under § 410.414(b) would be futile. The essential element under both § 410.414(b) and (c)—a totally disabling respiratory impairment—was adjudicated against claimant.

We need go no further in considering claimant's two assignments of error. Assuming *arguendo* that claimant has proved at least 15 years of coal mine employment, the claim must yet fail because a totally disabling respiratory impairment was not established. Similarly, assuming *arguendo* that the Appeals Council failed to properly relate back the second X-ray report of July

13, 1976, we think the claim must fail because the report did not show the existence of a totally disabling disease. It indicated only simple pneumoconiosis and emphysema. Thus, claimant had to carry his burden of establishing that he was totally disabled before the jurisdictional cutoff date of June 30, 1973, *see Talley v. Mathews*, 550 F.2d 911, 917 (4th Cir. 1977), by relying upon the same evidence found insufficient by the ALJ.

Therefore, we think the Secretary's decision is supported by substantial evidence and accordingly affirm the judgment of the district court.[2]

*AFFIRMED.*

**2.** Our decision does not foreclose Robertson having his claim reconsidered under the provisions of the Black Lung Benefits Reform Act of 1977, 30 U.S.C. § 945(a)(1). *See Treadway v. Califano*, 584 F.2d 48 (4th Cir. 1978).