**Evelyn WINFREY, Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 78–1173.**

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 7, 1980.

Decided April 18, 1980.

Deborah Garton Gibson, Hensley, Muth & Gibson, Bluefield, W. Va., on brief, for appellant.

Robert B. King, U. S. Atty., James S. Arnold, Asst. U. S. Atty., Charleston, W. Va., on brief, for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court affirming the decision of the Secretary of Health, Education and Welfare to deny the combined black lung claims of deceased coal miner Clarence G. Winfrey and his widow Evelyn Winfrey (claimant). We find the Secretary's decision supported by substantial evidence and, accordingly, affirm. *See* Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 923(b) *incorporating by reference* § 205(b) of the Social Security Act, 42 U.S.C. § 405(b).

Since this case involves a widow's claim, our inquiry is twofold: Was the miner's death due to pneumoconiosis or was he totally disabled due to pneumoconiosis at the time of his death? 30 U.S.C. § 921, 20 C.F.R. § 410.450.

■ We need not dwell on the first issue. The Secretary's finding that Clarence Winfrey died as a result of acute myocardial infarction due to arteriosclerotic heart disease, as shown on the death certificate, was clearly supported by substantial evidence. Claimant contends, however, that the Secretary's conclusion that Winfrey was not totally disabled due to pneumoconiosis was based on an improper analysis of the X–ray evidence and a failure to give proper consideration to the fifteen-year presumption in 20 C.F.R. § 414(b); 42 U.S.C. § 921(c)(4). We disagree.

Claimant's X–ray evidence consisted of three films. The first, dated May 31, 1972, was read by Dr. George C. King, a family practice specialist, as consistent with pneumoconiosis, type s with profusion 1/2. This film was reread by a "B" reader, Dr. John Dennis, who reported that it did not show pneumoconiosis. A second film, taken June 1, 1972, was also reread as negative by Dr. Dennis.

An X–ray film dated June 21, 1972 was read by "A" reader Dr. Ilona Scott as showing pneumoconiosis, type 1/1 p. This film was reread as negative by Dr. Dennis and two other "B" readers.

Following the denial of benefits by the Administrative Law Judge [ALJ], claimant submitted a report by Dr. Kailish Mathur, a "B" reader, indicating that all three of the above films showed pneumoconiosis, type p & q 1/1. The Appeals Council found the earlier negative rereadings controlling, remarking "[i]nasmuch as these physicians are final "B" readers, as is Dr. Mathur, the Council is of the opinion that no single interpretation of a chest film is binding on the Social Security Administration."

■ In *Whitman v. Califano,* 617 F.2d 1055 (4th Cir. 1980), we reversed the Secretary's denial of benefits where X–ray interpretations by certain B readers had been arbitrarily rejected. The decision in *Whitman* was based both on the regulation making the initial "B" reader's interpretation final, 42 C.F.R. § 37.52,[1] and the requirement that the Secretary have a rational basis for preferring one "B" reader's interpretation over another. In this case, 42 C.F.R. § 37.52 is not controlling, and we think the fact that two additional "B" readers read Winfrey's most recent film as negative provided an expert, rational basis for resolving the conflict between the serial rereadings of Drs. Dennis and Mathur.

The single pulmonary function study submitted by claimant was also insufficient to establish totally disabling pneumoconiosis. In order to qualify under 20 C.F.R. § 410.-490(b)(ii) claimant would have to show that decedent, who was 66¾ inches in height, had an $FEV_1$ at or below 2.3 and an MVV at or below 96. The single study performed yielded an $FEV_1$ value of 3.55 and an MVV of 152, well above qualifying values.

Since neither the X–rays nor the pulmonary study established totally disabling pneumoconiosis under either the interim

---

1. This section was amended in 1978. See *Whitman, supra,* at 1057.

standards of 20 C.F.R. § 410.490 or the more stringent permanent criteria, we turn to the remaining question concerning entitlement under the "fifteen-year presumption." *See generally Petry v. Califano,* 577 F.2d 860 (4th Cir. 1978). Claimant contends the case must be remanded because the Secretary did not consider the combined claims under § 410.414(b), despite testimony that decedent had spent twenty-two years in the mines. We agree that this presumption was not specifically cited in the Secretary's evaluation of the evidence, but we do not think a remand is required.

■ The Administrative Law Judge specifically found that Winfrey was not totally disabled due to pneumoconiosis or a respirable disease presumed to be pneumoconiosis at the time of his death. The ALJ discussed all of claimant's evidence, including her own testimony, additional testimony and affidavits, and the medical reports of claimant's physicians. He concluded that Winfrey was disabled at the time of his death, but the disability arose from impairments other than a chronic respiratory or pulmonary condition. We think these findings by the ALJ, as adopted by the Appeals Council, were supported by substantial evidence.[2] Although the testimony and supporting affidavits indicated that the miner had breathing problems, the single pulmonary function study was well above qualifying values and the miner's examining physicians reported no respiratory or pulmonary problems despite his subjective complaints. Because a totally disabling respiratory or pulmonary impairment was not established, any further consideration of claimant's case under 20 C.F.R. § 410.414(b) would have been futile. *See Robertson v. Califano,* 601 F.2d 1276 (4th Cir. 1979).

Accordingly, the judgment of the district court is affirmed.

*AFFIRMED.*

2. The additional X-ray evidence submitted to the Appeals Council would not have changed the result under the *Petry* analysis since conflicting X-rays inure to the benefit of neither

party. *Petry, supra* at 864; *Hubbard v. Califano,* 582 F.2d 319, 321 (4th Cir. 1978).