943 F.2d 48
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oscar COMBS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, Eastern
Associated Coal Corporation, Respondents.
 No. 88-1151.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Sept. 5, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board. (86-288-BLA)
 Daniel Grove Moler, Moler & Staton, Mullens, W.Va., for petitioner.
 
 
 1
 Mark E. Solomons, Arter & Hadden, Washington, D.C. (Argued), for respondent Eastern Associated Coal Corporation; Laura Metcoff Klaus, Arter & Hadden, Washington, D.C., on brief.
 
 
 2
 C. William Mangum, Office of the Solicitor, United States Department of Labor, Washington, D.C. (Argued), for respondent Director; Robert P. Davis, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Michael J. Denney, Counsel for Appellate Litigation, Ronald G. Ray, Sr., United States Department of Labor, Washington, D.C., on brief.
 
 
 3
 Ben.Rev.Bd. [ON REHEARING 887 F.2d 1078].
 
 
 4
 AFFIRMED.
 
 
 5
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 
 OPINION
 PER CURIAM:
 
 6
 Oscar Combs petitions this court for review of an August 29, 1988 order of the Benefits Review Board which affirmed an administrative law judge's ruling that Combs was not entitled to benefits under the Black Lung Benefits Act, codified as amended at 30 U.S.C. §§ 90145. Because we agree that the ALJ's ruling that Combs was not totally disabled by a respiratory or pulmonary impairment was supported by substantial evidence, we affirm the Board's August 1988 order.
 
 I.
 
 7
 Oscar Combs worked as a coal miner for over thirty years, ending in 1980. He filed an application for benefits under the Black Lung Benefits Act and received a hearing before an administrative law judge (ALJ) where he was represented by counsel. The ALJ found that Combs, having worked in the mines for over fifteen years, was entitled to a presumption of pneumoconiosis under 20 C.F.R. § 718.305 (1988) if he could produce evidence of a totally disabling respiratory or pulmonary impairment. See 20 C.F.R. § 718.204(c) (1988) (setting forth medical criteria for proof of total respiratory impairment). After reviewing medical test results and Combs' clinical record, the ALJ concluded there was insufficient evidence that Combs was completely impaired and therefore denied benefits. The Benefits Review Board upheld the ALJ.
 
 
 8
 Combs now appeals.
 
 II.
 
 9
 Combs argues that the great weight of the evidence proves that he suffers from pneumoconiosis as defined by 20 C.F.R. § 718.201 (1988). He further contends that he is totally disabled and that the "reasoned medical judgment" of Dr. Ross Newman, his treating physician from February 1980 through April 1982, provides the necessary medical evidence. Combs also contends that the opinion of Dr. John Daniel, the employer's physician does not address the main statutory criteria and was overly weighted by the ALJ.
 
 
 10
 We find, however, that the ALJ's opinion was supported by substantial evidence. See Napier v. Director, OWCP, 890 F.2d 669, 671 (4th Cir.1989). Although Combs provided objective medical evidence, such as pulmonary function studies, blood gases, and X-rays, none of the test results qualified him for disability benefits under 20 C.F.R. § 718.204(c)(1)-(3) (1988). The remaining way that Combs could have shown total disability was to present evidence that "a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment." 20 C.F.R. § 718.204(c)(4) (1988).
 
 
 11
 Dr. Newman's reports, however, on which Combs relies heavily, show both pulmonary and cardiac dysfunction, with the cardiac problems of greater concern. Although Dr. Newman reported a finding of pneumoconiosis, he did not opine that Combs was totally disabled by this condition. The ALJ simply credited the opinion of Dr. Daniel that Combs "could tolerate mild to moderate manual labor from a pulmonary standpoint" over the insufficient evidence provided by Dr. Newman. In light of the full medical evidence and opinions available to and considered by the ALJ, we conclude that the judgment denying benefits was supported by substantial evidence.
 
 III.
 
 12
 The judgment of the Benefits Review Board is hereby AFFIRMED.