953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DOMINION COAL CORPORATION, Petitioner,
v.
Orville Lee STOLLINGS; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-1146.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 28, 1991.
Decided Jan. 15, 1992.
As Amended Feb. 12, 1992.
 
 On Petition for Review of an Order of the Benefits Review Board, No. 88-3463-BLA.
 Argued: Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Chartered, Washington, D.C., for petitioner; Jon Lee Duncan, Arrington, Schelin, Herrell & Vickers, Lebanon, Va., for respondents.
 
 
 1
 On Brief: Gregory R. Herrell, Arrington, Schelin, Herrell & Vickers, Lebanon, Va., for respondent Stollings; Michael J. Denney, Christian P. Barber, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent Director.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 5
 This appeal arises from the per curiam decision and order of the Benefits Review Board affirming the decision and order of an Administrative Law Judge ("ALJ") awarding benefits to respondent, Orville Stollings, pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. (1988). The issues presented involve whether the ALJ properly determined that respondent suffers from pneumoconiosis (i.e., black lung disease) and whether the pneumoconiosis was a totally disabling respiratory impairment. There being substantial evidence to support the Board's determination, we affirm its decision.
 
 I.
 
 6
 Respondent, Orville Stollings, worked in coal mining for approximately 27 years. Respondent filed for black lung benefits on January 15, 1981. On May 21, 1981, the Department of Labor ("DOL") denied the claim. After reconsideration, the DOL again denied the claim on February 8, 1983. Finally, after a formal hearing, the DOL issued an initial finding for entitlement to benefits which stated that respondent became totally disabled on June 1, 1981.
 
 
 7
 Petitioner-employer, Dominion Coal Company, contested respondent's eligibility for benefits, and the DOL referred the matter to an ALJ who held a formal hearing on April 18, 1986. The ALJ found that respondent established twenty-five years of coal mine employment. The ALJ also found that pursuant to the criteria established in 20 C.F.R. § 718.202(a)(1) (1991), respondent suffered from pneumoconiosis and that respondent's pneumoconiosis arose out of his coal mine employment. Finally, the ALJ held that under the standard found in 20 C.F.R. § 718.204(c)(4) (1991), respondent suffered from a totally disabling respiratory impairment due to the pneumoconiosis. Accordingly, the ALJ issued a decision and order awarding benefits to respondent. The Benefits Review Board affirmed the ALJ's decision, and it is the Board's ruling from which this appeal arises.
 
 II.
 
 8
 Under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. (1988), and its regulations, to properly review the decision of the ALJ, the Benefits Review Board must determine whether the ALJ's ruling is supported by substantial evidence in the record when the record is considered as a whole and is in accordance with law. 30 U.S.C. § 932(a) (1988). Similarly, this Court must scrutinize the record as a whole to determine whether those conclusions reached by the ALJ and affirmed by the Benefits Review Board are rational. Universal Camera Corp. v. NLRB, 340 U.S. 474 (1951). In this context, the United States Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 III.
 
 9
 Petitioner first raises an issue regarding the ALJ's determination that respondent suffers from pneumoconiosis. The ALJ found that pneumoconiosis existed in the respondent's lungs on the basis of X-ray evidence. Such is allowed provided the chest X-rays are "conducted and classified in accordance with § 718.102...." 20 C.F.R. § 718.202(a)(1)(i) (1991). Petitioner argues that the ALJ violated the Administrative Procedures Act, 5 U.S.C. § 557 et seq. (1988) ("APA") by failing to offer a valid explanation for the ALJ's weighing of conflicting X-ray evidence found in the record as required under § 718.102(a).
 
 
 10
 After reviewing the record, we hold that the ALJ's findings are supported by substantial evidence. See Napier v. Director, Office of Workers' Compensation Programs, 890 F.2d 669, 671 (4th Cir.1989). It is true that the ALJ could have provided a more explicit explanation of his reasoning with regard to the crediting or discrediting of some doctors' opinions. However, the fact remains that of the twelve readings made of respondent's X-rays, seven received positive interpretations for the presence of pneumoconiosis. Further, all of the positive readings were performed by highly qualified B readers,* some of whom were also board certified radiologists. This satisfies the requirements for a finding of pneumoconiosis under § 718.202(a)(1). Therefore, in light of the full medical evidence and opinions available to and considered by the ALJ, we conclude that the ALJ's judgment that respondent suffered from pneumoconiosis was rational and supported by substantial evidence.
 
 IV.
 
 11
 Petitioner also raises an issue concerning the ALJ's determination that respondent suffered from a totally disabling respiratory impairment under 20 C.F.R. § 718.204(c)(4) (1991). Specifically, petitioner contends that the ALJ did not make a proper finding regarding the medical opinions of record because the medical opinion of Dr. Baxter, which the ALJ used to substantiate his finding of a total respiratory impairment, did not comport with the requirements of § 718.204(c)(4).
 
 
 12
 Section 718.204(c)(1)-(4) establishes the criteria under which it can be proved that one suffers from a totally disabling respiratory impairment as a result of pneumoconiosis. Respondent was unable to establish such an impairment using any of the three measures found in § 718.204(c)(1)-(3): (1) the pulmonary function test; (2) the arterial blood gas test; or (3) through the presence of cor pulmonale with right sided congestive heart failure. However, the ALJ found a total respiratory impairment under § 718.204(c)(4) which provides:
 
 
 13
 (4) Where total disability cannot be established under paragraphs (c)(1), (c)(2) or (c)(3) of this section ... total disability may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment....
 
 
 14
 20 C.F.R. § 718.204(c)(4) (1991).
 
 
 15
 The ALJ must evaluate the credibility of the medical evidence and determine the weight to be accorded that evidence. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir.1985). This Circuit has made it clear that an ALJ's factual determinations must be upheld if they are supported by substantial evidence because the ALJ is "in a better position to assess the weight and sufficiency of the evidence than ... this Court." Id.
 
 
 16
 In the instant case, there are negative diagnoses in the record. However, after reviewing the medical evidence, we accept the ALJ's explanations for discrediting these negative opinions and giving greater weight to the opinion of Dr. Baxter. Unlike the other physicians, Dr. Baxter was respondent's treating physician and had seen respondent on numerous occasions over a course of treatment. As often stated, the opinion of a treating physician is entitled to great weight. See Hamrick v. Schweiker, 679 F.2d 1078, 1082 (4th Cir.1982). Further, as the ALJ found, Dr. Baxter's opinion was supported by the medical evidence of record and was well founded. Accordingly, we hold that the medical opinion evidence, as a whole, illustrates that there was substantial evidence supporting the ALJ's factual finding that respondent suffered from a totally disabling respiratory impairment.
 
 
 17
 Therefore, for the reasons stated herein, the rulings and judgment of the Benefits Review Board are hereby
 
 
 18
 AFFIRMED.
 
 
 
 *
 Physicians can be classified as "A" (first) or "B" (final) readers according to their proficiency in interpreting coal miners' chest x-rays under the International Labor Organization/University of Cincinnati (1971) classification of radiographs of pneumoconiosis. A "B" rating denotes a reader of greater experience and proficiency. The ALJ may give additional weight to an x-ray interpretation of a "B" reader. Vance v. Eastern Associated Coal Corp., 8 Black Lung Rep. 1-67 (1985)