972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Arling C. MATNEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Consolidation Coal
Company, Respondents.
 No. 91-1189.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 4, 1992
Decided: August 14, 1992
 
 On Petition for Review of an Order of the Benefits Review Board.
 Arling C. Matney, Petitioner Pro Se.
 Michael John Denney, Rodger Pitcairn, Barbara J. Johnson, UNITED STATES DEPARTMENT OF LABOR; Mary Rich Maloy, JACKSON & KELLY, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Arling Matney petitions for review of a decision of the Benefits Review Board affirming the Administrative Law Judge's (ALJ's) denial of Black Lung benefits. Because the Board's finding that Matney was not totally disabled as a result of his coal mine employment was rational and supported by substantial evidence, we affirm.
 
 
 2
 Matney, a coal miner with over thirty years of underground coal mine employment, applied for Black Lung benefits alleging that he was totally disabled due to pneumoconiosis arising from his employment. After examining a substantial body of medical evidence, and reviewing contradictory diagnoses by a number of medical experts, the ALJ found that Matney does not suffer from pneumoconiosis, and that his disability is due to asthmatic bronchitis not associated with exposure to coal dust. The Benefits Review Board found that the ALJ had inaccurately stated that one of the medical experts did not diagnose pneumoconiosis who had in fact reached the opposite result, but affirmed the ALJ's finding on the basis that Matney was not totally disabled due to pneumoconiosis.
 
 
 3
 Because Matney filed his application for benefits on September 11, 1986, the case is governed by Part 718 of the applicable regulations. See 20 C.F.R. § 718.2 (1991). To be eligible for benefits, Matney must demonstrate that his total disability was caused by pneumoconiosis. See 20 C.F.R. §§ 718.203-718.204. In the absence of contrary probative evidence, a claimant may establish that his total disability was caused by pneumoconiosis by means of (1) pul monary function studies, (2) arterial blood gas studies, (3) evidence of cor pulmonale with right-sided congestive heart failure, or (4) medical reports. See 20 C.F.R. § 718.204(c). The Board's determination of the cause of Matney's disability should be upheld if it is rational and supported by substantial evidence. See, e.g., Napier v. Director, Office of Workers' Compensation Programs, 890 F.2d 669, 672 (4th Cir. 1989).
 
 
 4
 All of four recent pulmonary function studies yielded qualifying values indicating that Matney is totally disabled. However, none of the blood gas studies of record produced qualifying values. The record contains no evidence of cor pulmonale or right-side congestive heart failure.
 
 
 5
 Five examining physicians submitted opinions relevant to the cause of disability: Doctors Rasmussen, Carpenter and Qazi, agreed that Matney was totally disabled due to pneumoconiosis. Dr. Rasmussen concluded, based on X-ray evidence and Matney's mining history, that while cigarette smoking may have contributed to Matney's impairment, coal mine exposure was the major cause of pulmonary insufficiency. His test results indicate that bronchodilators yielded no improvement in pulmonary function. Dr. Carpenter does not give a discursive rationale for his diagnosis, but his medical history and examination notes indicate no history of bronchial asthma, and thirtyfive years of coal mine employment. Dr. Qazi's diagnosis is disorganized and confusing, but could indicate that causation may be presumed from the X-ray evidence, Matney's hypoxia, pulmonary function studies, and history of work in the mines. Nevertheless, Dr. Qazi also suggests that Matney's decreased FVC values and significant airway obstruction "[point] to the causative agent as smoking," and notes without comment that Matney responded to bronchodilators.
 
 
 6
 Drs. Crisalli and Zaldivar asserted that Matney's disability was not caused by coal worker's pneumoconiosis. As part of his examination, Dr. Crisalli administered preand post-bronchodilator pulmonary function studies, noting significant improvement in spirometry test results after use of a dilator. Dr. Crisalli agrees that Matney has pneumoconiosis, but believes asthmatic bronchitis, not coal dust exposure, caused the disability, based on improved post-dilator spirometry results considered diagnostic of asthma. He notes that Matney's carbon monoxide diffusion study is normal, which is unexpected in chronic obstructive disease due to tobacco smoke or coal dust exposure.
 
 
 7
 Dr. Zaldivar's examination yielded results similar to Dr. Crisalli's, but Dr. Zaldivar found that Matney did not have pneumoconiosis. He diagnosed asthma brought on by exercise and cold air, and possible emphysema based solely on Matney's history of smoking. He explained that asthma is a disease of the general population not associated with coal dust exposure. In testimony before the ALJ, he indicated that occasional lack of a response to bronchodilators, such as that noted by Dr. Rasmussen, does not rule out asthma.
 
 
 8
 The reasoned opinions of Drs. Crisalli and Zaldivar, based on improved post-dilator spirometer studies and other data, are probative evidence which contradicts the positive pulmonary function studies, and the opinions of Drs. Rasmussen, Qazi and Carpenter. The ALJ was within his discretion in according greater probative weight to Dr. Crisalli and Dr. Zaldivar's opinions in view of their well grounded analysis of the cause of Matney's disability. See Clark v. KarstRobbins Coal Co., 12 BLR 1-149, 1-155 (1989). In affirming the ALJ, the Board reached rational conclusions based on substantial evidence. See Napier, 890 F.2d at 672; Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1190 (4th Cir. 1985).
 
 
 9
 We therefore affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED