991 F.2d 789
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Warren W. FOX, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 92-2113.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 29, 1993
Decided: April 8, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (90-2325-BLA)
 Judith C. Walz, GORDON T. IKNER & ASSOCIATES, L.C., Lewisburg, West Virginia, for Petitioner.
 Marshall J. Breger, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Marta Kusic, Counsel for Appellate Litigation, Cathryn Celeste Helm, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent.
 Ben. Rev. Bd.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Warren W. Fox appeals from a decision of the Benefits Review Board (Board) affirming an administrative law judge's (ALJ) denial of benefits under the Black Lung Benefits Act (Act), as amended, 30 U.S.C. §§ 901-945 (1988 & Supp. II 1990). Finding that the ALJ's decision was supported by substantial evidence, we affirm the Board's decision.
 
 
 2
 Fox filed an application in 1988 for black lung benefits. The application was denied by the ALJ in September 1990, and Fox appealed to the Board. The Board affirmed the ALJ's decision in July 1992, and Fox appealed to this Court. On appeal, Fox alleges that the ALJ erred in admitting and considering medical evidence developed by an employer that was ultimately dismissed as a party, and that the ALJ's decision was not supported by substantial evidence.
 
 
 3
 At the hearing before the ALJ in 1990, Eastern Associated Coal Corporation, which had been identified as the putative responsible operator, was dismissed without objection from Fox or the Director because Fox was employed by the company for less than one full year. Over Fox's objections, the Director then adopted the medical evidence developed by Eastern Coal as his own and proffered it as evidence. The ALJ ultimately admitted the evidence into the record.
 
 
 4
 The ALJ credited Fox with eleven years and five months of coal mine employment. The ALJ considered the X-ray interpretations and found the results overwhelmingly negative for pneumoconiosis. The ALJ then concluded that the medical opinion evidence of record failed to establish the existence of pneumoconiosis, noting that numerous medical records from 1984 to 1987 related to Fox's total disability due to a heart condition.
 
 
 5
 The ALJ credited the medical opinions of three doctors, all of whom are board-certified in internal medicine and pulmonary disease. None of these physicians diagnosed pneumoconiosis or any chronic lung disease arising out of Fox's coal mine employment. Rather, the doctors opined that Fox's respiratory problems arose from his lengthy history of cigarette smoking. The ALJ found the contrary opinions of two doctors unpersuasive, noting that neither physician's credentials were in the record. Based on his conclusion that Fox had failed to establish that he had pneumoconiosis, the ALJ denied benefits.
 
 
 6
 The Board affirmed the ALJ's denial of Fox's motion to exclude the evidence developed by Eastern and submitted by the Director. The Board held that the ALJ properly found that the overwhelming weight of the X-ray interpretations were negative and, therefore, affirmed the ALJ's finding that the evidence failed to establish the existence of pneumoconiosis pursuant to 20 C.F.R. § 718.202(a)(1) (1992). Finally, the Board considered Fox's challenge to the ALJ's determination that the medical opinion evidence was insufficient to establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(4). The Board concluded that Fox failed to allege any specific error by the ALJ and merely requested a reweighing of the evidence. The Board held that, as a reviewing body, it was precluded from reweighing the evidence. Accordingly, the Board affirmed the ALJ's finding that Fox failed to establish the existence of pneumoconiosis, and upheld the ALJ's denial of benefits as supported by substantial evidence.
 
 
 7
 On appeal, we determine whether the Board properly found that the ALJ's decision was rational, supported by substantial evidence, and consistent with applicable law. Zbosnik v. Badger Coal Co., 759 F.2d 1187, 1189 (4th Cir. 1985). We make an independent review of the records to determine whether the Board properly applied the substantial evidence test of 33 U.S.C. § 921(b)(3) (1988), as incorporated into the Act by 30 U.S.C. § 932(a) (1988). Wilson v. Benefits Review Bd., 748 F.2d 198, 200 (4th Cir. 1984). Our review of the record relied upon by the Board demonstrates that the Board properly found that the ALJ's decision was supported by substantial evidence.
 
 
 8
 The ALJ properly admitted and considered the medical evidence developed by Eastern Coal and proffered by the Director. York v. Benefits Review Bd., 819 F.2d 134, 136 (6th Cir. 1987); Hardisty v. Director, Office of Workers' Compensation Programs, 776 F.2d 129, 130 (7th Cir. 1985) (Director may rely on evidence submitted by an operator which is subsequently released as a party). Moreover, reports prepared in the course of litigation are probative evidence and are not presumptively biased. Cochran v. Consolidation Coal Co., 16 B.L.R. 1-101 (1992) (citing Richardson v. Perales, 402 U.S. 389 (1971)). Eastern Coal developed the medical evidence while it was a potentially liable party, and the ALJ properly considered that evidence after Eastern Coal's dismissal.
 
 
 9
 Because Fox filed his claim in December 1988, the ALJ correctly considered whether he had established entitlement to benefits under the 20 C.F.R. Part 718 regulations. 20 C.F.R. § 718.2. Pursuant to those regulations, Fox must prove that he suffers from pneumoconiosis, that the pneumoconiosis arose out of his coal mine employment, and that he is totally disabled from pneumoconiosis. Napier v. Director, Office of Workers' Compensation Programs, 890 F.2d 669, 671 (4th Cir. 1989); 20 C.F.R. §§ 718.202, 718.203, 718.204.
 
 
 10
 The record contained twenty-seven readings of seven X-rays. There were two positive readings of an X-ray taken in January 1989. This X-ray was originally interpreted as negative for pneumoconiosis by Dr. Speiden, a board-certified radiologist and B-reader. Fox then obtained two positive rereadings of the film by Dr. Aycoth, a Breader, and Dr. Bassali, a board-certified radiologist and B-reader. Dr. Gaziano, a B-reader, corroborated Dr. Speiden's original negative interpretation. The film was thereafter reread as negative by Dr. Tuteur, who is board-certified in internal medicine and pulmonary disease.
 
 
 11
 Additionally, an October 1989 X-ray was interpreted as negative by Dr. Spitz, Dr. Wiot, and Dr. Shipley, all of whom are boardcertified radiologists and B-readers. Based on this evidence, the ALJ offered a proper basis for crediting the negative interpretations of the X-ray evidence, and his finding that the X-ray evidence was insufficient to establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1) was supported by substantial evidence.
 
 
 12
 Fox also alleged for the first time on appeal that the ALJ's findings regarding the medical opinion evidence were erroneous. However, Fox failed to allege any error by the ALJ in this regard on appeal to the Board. Therefore, Fox's claim on this issue is not properly before this Court. See Director, Office of Workers' Compensation Programs v. North Am. Coal Corp., 626 F.2d 1137, 1143 (3d Cir. 1980). Notwithstanding that limitation, however, we find that substantial evidence supported the ALJ's determination that the medical opinion evidence failed to establish the existence of pneumoconiosis.
 
 
 13
 As the trier of fact, the ALJ evaluates the credibility of medical evidence and determines the weight to be accorded that evidence. Zbosnik, 759 F.2d at 1190. The ALJ correctly rejected as equivocal Dr. Rasmussen's diagnosis of "possible coal workers' pneumoconiosis" because it did not unequivocally or definitively diagnose pneumoconiosis. See Garcia v. Director, Office of Workers' Compensation Programs, 869 F.2d 1413, 1417 (10th Cir. 1989) (similarly describing opinion using word "probably" as too equivocal to establish element of entitlement).
 
 
 14
 Although we have held that a treating physician's opinion is entitled to great weight, Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir. 1983) (citing Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974)), Dr. Pecoraro's opinion is conclusory and unsupported by documentation. Therefore, the ALJ properly found that the medical opinion evidence was insufficient to establish the existence of pneumoconiosis. 20 C.F.R. § 718.202(a)(4).
 
 
 15
 We find that the ALJ's decision was supported by substantial evidence. Accordingly, we affirm the decision of the Board upholding the ALJ's denial of benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED