45 F.3d 427
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John P. STOVER, Petitioner,
v.
CONSOLIDATION COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-1647.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Jan. 10, 1995.
 
 On Petition for Review of an Order of the Benefits Review Board. (93-1483-BLA)
 S. F. Raymond Smith, RUNDLE & COOPER, L.C., Pineville, WV, for Petitioner. Ann B. Rembrandt, JACKSON & KELLY, Charleston, WV, for Respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Stover, a former coal miner, seeks review of a Benefits Review Board (Board) decision and order affirming the administrative law judge's (ALJ) denial of his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1994). On appeal, Stover challenges the propriety of the ALJ's finding of no pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a)(4) (1994). We must decide whether substantial evidence on the record as a whole supports the ALJ's decision. Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993).
 
 
 2
 After reviewing the record, we find no merit to Stover's contention that the ALJ in this case denied benefits solely on the basis of negative X-rays in violation of 20 C.F.R. Sec. 718.202(b) (1994). Rather, in addition to finding a preponderance of the X-ray evidence to be negative pursuant to section 718.202(a)(1), the ALJ discussed and weighed all medical reports relevant to the issue of pneumoconiosis pursuant to section 718.202(a)(4). Of seven physicians who submitted opinions pertinent to this issue, only Dr. Rasmussen found evidence of pneumoconiosis. The ALJ rejected Dr. Rasmussen's opinion because the contrary medical opinions were, in his view, better documented and reasoned, and better supported by the objective evidence of record. We find that substantial evidence supports the ALJ's weighing of the evidence.
 
 
 3
 In his first report on the issue, Dr. Rasmussen explained his finding of pneumoconiosis only by referencing the miner's exposure to coal dust and a positive X-ray interpretation by another physician. The ALJ noted that, after being presented with later positive and negative interpretations, Dr. Rasmussen did not change his mind, but noted further that Dr. Rasmussen did not have the opportunity to examine the bulk of the fifty-three X-ray interpretations of record, as did some of the physicians who found no pneumoconiosis. This finding illustrates one way in which Dr. Rasmussen's report was not as thoroughly documented as the reports of those physicians who found no pneumoconiosis.
 
 
 4
 Unlike Dr. Rasmussen's report, the remaining reports also explain how the objective laboratory studies of record support the physicians' conclusions regarding the existence of pneumoconiosis. The ALJ accorded "full weight" to the opinions of Drs. Zaldivar, Fino, and Louden, who found no pneumoconiosis, based on their expert credentials, and those physicians found that the miner's disabling respiratory impairment was solely attributable to the miner's extensive smoking history and lifelong asthma. They explained how the miner's pulmonary function studies reflected the presence of an obstructive form of respiratory impairment rather than the restrictive form associated with pneumoconiosis. They noted that, consistent with asthma, the miner's breathing improved significantly upon the administration of bronchodilators. They also explained how the miner's normal arterial blood gas studies supported their opinions.
 
 
 5
 We therefore conclude that the ALJ could properly accord greatest weight to those opinions which found the absence of pneumoconiosis on the ground that they were best supported by the objective evidence of record. See Director, Office of Workers' Compensation Programs v. Siwiec, 894 F.2d 635, 639 (3d Cir.1990). Moreover, we reject Stover's unsupported suggestion that these reports were biased. See Cochran v. Consolidation Coal Co., 16 BLR 1-101 (1992) (citing Richardson v. Perales, 402 U.S. 389 (1971). Finally, since the Board and ALJ correctly found that Stover's failure to prove pneumoconiosis renders all other issues moot, see Napier v. Director, Office of Workers' Compensation Programs, 890 F.2d 669, 671 (4th Cir.1989), we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.